Haepee, J.,
delivered the opinion of the Court.
The principal question made in the case, relates to the jurisdiction of the Court. If the instrument in question he regarded as a deed, I think there can he no question as to the jurisdiction. Its validity under the Act of 1795, depends on the question, whether the property conveyed exceed one fourth of the whole amount of the donor’s estate, at the time of the execution; and this depends on an account of the estate, which the administratrix can only have in equity, making parties those who are interested, to contest such account. If the value of the estate could be shewn at law, I am not aware of any proceeding by which the administratrix could recover the excess of the property conveyed, over and above one fourth of the value of the estate.
So if the instrument were a will, and had been proved as such, I should have no doubt of the jurisdiction. It is a part of the jurisdiction to prevent circuity of action; and the Court will not drive a *509 party to law, when it is plain the matter must be settled in equity finally. Although the administratrix, with the will annexed,-might recover the property in that character, yet there is nothing to prevent her coming into equity to determine on the claims of legatees under the will. If she should recover at law, the legatees would be driven to equity; and to determine on the validity of the legacy, the same account must be taken of the estate at the time of the testator’s death. If the instrument in question appeared to us to be a will, although it has never been offered for probate, yet the bill might be retained until it could be tried in the Court of Ordinary; but this would not be necessary, if the complainant should charge it to be a will, admitting the legacies to defendants, and the defendants should admit, and claim under it accordingly. If the defendants should disclaim, then to be sure the complainant’s ground of jurisdiction would fail, and she would be compelled to resort to law.
Hunt, for the motion.
Petigru, contra.
The question whether the instrument is to be regarded as a will, •or a deed, is now made; but it seems to us not to have been fully tried, in the Court below. The parties appear to us to have been indifferent how.it should be regarded; and yet, perhaps, their interests may be materially affected by the decision. Judging from the face of the instrument, it is extremely difficult, perhaps hardly possible, to decide, without resorting to extrinsic testimony, as to the intention with which it was executed. Such testimony is admissible; and perhaps more satisfactory evidence may be obtained, than any which has been heretofore offered. We shall therefore reserve this question for the coming in of'the report; directing the commissioner to receive and report such testimony as may be offered on the point. He will also report the value of the estate, at the time of the execution of the instrument, and at the time of the death of William Wheeler, with the amount of debts at either period, as directed by the decree of the Circuit Court. Any question of the instrument’s being fraudulent, as to creditors, supposing it a deed, may also be reserved for the coming in of the report. It is ordered that a reference he had accordingly.
Johnson, J., and O’Neall, J., concurred.

Decree affirmed.